IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AVTAR RATHORE,	)
	)
      Plaintiff,	)
	)
v.	)  Civil No. 3:11CV136–HEH
	)
BANK OF AMERICA, N.A.,	)
RECONTRUST COMPANY, N.A., and	)
ALG TRUSTEE, L.L.C.,	)
	)
      Defendants.	)

## MEMORANDUM OPINION
(Granting Plaintiff's Motion to Remand)

This is an action for damages and injunctive relief relating to Defendant Bank of America, N.A. ("BOA")'s alleged agreement to modify Plaintiff's mortgage. It is presently before the Court on Defendants' motions to dismiss[1] and on Plaintiff's Motion to Remand. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, Plaintiff's Motion to Remand will be granted.

### I.

In response to a growing number of home foreclosures in the United States, Congress in 2008 enacted the Emergency Economic Stabilization Act ("EESA"), 12

---

[1] BOA and Defendant ReconTrust Company, N.A. filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant ALG Trustee, L.L.C. filed a demurrer in the state court prior to removal of this action.

U.S.C. § 5201. EESA allocated $700 billon to the U.S. Department of the Treasury ("the Treasury") to preserve homeownership and restore liquidity and stability to the financial system. Toward this end, EESA established the Troubled Asset Relief Program ("TARP"), 12 U.S.C. §§ 5211–5241. TARP authorized the Secretary of the Treasury "to purchase, and to make and fund commitments to purchase, troubled assets from any financial institution," and "to take such actions as the Secretary deems necessary to carry out the authorities in" EESA. 12 U.S.C. § 5211(a), (c).

Pursuant to this authority, the Treasury in February 2009 created the Home Affordable Modification Program ("HAMP"). HAMP aims to prevent avoidable home foreclosures by encouraging loan servicers to reduce the required monthly mortgage payments for struggling homeowners. Specifically, HAMP enables certain homeowners who are in default or at imminent risk of default to obtain "permanent" loan modifications, by which their monthly mortgage payments are reduced to not more than thirty-one percent of their monthly income for a period of at least five years. Loan servicers receive from the government a $1,000 incentive payment for each permanent HAMP modification they offer.

HAMP modifications essentially proceed in two steps. First, the loan servicer compares the net present value ("NPV") of a borrower's existing loan with the NPV of a hypothetical HAMP-modified loan to determine whether it would be more profitable to modify the borrower's loan or permit it to proceed to foreclosure. If modification appears to be desirable, the servicer offers the borrower a three-month Trial Period Plan ("TPP"), the terms of which are memorialized in a TPP Agreement. If all conditions of

2

the TPP Agreement are satisfied, the borrower then proceeds to Step Two, at which he or she is offered a permanent loan modification.

Although participation in HAMP is required for government-sponsored entities ("GSEs") such as Fannie Mae and Freddie Mac, HAMP participation is voluntary for non-GSEs. Non-GSE servicers who elect to participate ("Participating Servicers") are required to enter into a Servicer Participation Agreement ("SPA") with the federal government which expressly incorporates the Treasury's Program Documentation, including the Treasury's HAMP guidelines, procedures, and supplemental directives.[2] Defendant BOA is a Participating Servicer.

Plaintiff Avtar Rathore ("Plaintiff") alleges that he owns a tract of land at 4504 Moraticco Court in Glen Allen, Virginia. On August 10, 2005, Plaintiff took out a first lien mortgage in the amount of $337,250, which is allegedly serviced by BOA. Plaintiff alleges that he fell behind on his mortgage due to a reduction of income. In an effort to avoid foreclosure, Plaintiff sent BOA a letter requesting loan modification on March 12, 2010. By letter dated August 26, 2010, Plaintiff acknowledged receipt of a BOA Loan Modification Package dated July 23, 2010, and again expressed a desire to avoid foreclosure on his home.

Plaintiff alleges that "[o]n January 25, 2011, after not being able to obtain a loan modification on his own, Plaintiff retained the Law Office of Heath J. Thompson, P.C.

---

[2] Fannie Mae and Freddie Mac have been designated by the Treasury as financial agents of the United States in connection with the implementation of HAMP. Non-GSE Participating Servicers are required to enter into a SPA with Fannie Mae in its capacity as financial agent for the United States.

3

("HJT") to represent him for the purposes of obtaining a loan modification and to avoid foreclosure." (Pl.'s Compl. ¶ 23.) HJT allegedly determined that Plaintiff was eligible for a HAMP modification based on Plaintiff's gross monthly income, principal balance, and interest rate.

On January 31, 2011, HJT allegedly spoke with a BOA representative who stated that Plaintiff had been reviewed for a HAMP modification in March 2010, but his application had been denied. HJT allegedly updated Plaintiff's financial information over the phone, but the representative claimed that there were "still no workout options" available to Plaintiff. (*Id.* at ¶ 26.) A foreclosure sale was allegedly scheduled for February 10, 2011.

On or about February 3, 2011, Plaintiff filed this action in the Henrico County Circuit Court ("Circuit Court") against BOA, ReconTrust, and ALG Trustee, L.L.C. ("ALG") (all collectively, "Defendants"). First, Plaintiff alleged that BOA "[b]reached its [c]ontract to [m]odify Plaintiff's [m]ortgage." (*Id.* at 5.) Plaintiff also alleged that BOA breached a contract to forbear foreclosure on Plaintiff's home while the loan modification was under review. Plaintiff asserted additional claims against BOA for negligence, promissory estoppel, and violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 59.1-200. (*See id.* at ¶¶ 38–53.)

Plaintiff next alleged that ReconTrust and ALG "breached the contract established between Defendant BOA and Plaintiff by following through with foreclosure proceedings without first receiving certification from Defendant BOA that Plaintiff were [sic] indeed

in default and were [sic] not eligible for modification or other foreclosure programs."[3] (*Id.* at ¶ 55.) Finally, Plaintiff sought a preliminary injunction to prevent Defendants from foreclosing on Plaintiff's property.

ALG demurred on or about February 24, 2011. ALG asserted that Plaintiff's breach of contract claim against ALG failed because Plaintiff had not alleged any contract between ALG and Plaintiff. ALG also asserted that Plaintiff is not entitled to preliminary injunctive relief because he is not likely to succeed on the merits.

On February 28, 2011, BOA and ReconTrust removed the action to this Court. BOA and ReconTrust assert that this Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under HAMP, 12 U.S.C. §§ 5211 and 5219.

On March 7, 2011, BOA and ReconTrust filed the instant Motion to Dismiss. First, BOA asserts that Plaintiff's breach of contract claim fails because HAMP does not create a private right of action. Even if it did, BOA contends that Plaintiff has not sufficiently alleged that he qualified for a permanent modification. Second, BOA asserts that Plaintiff's negligence and VCPA claims are unadorned legal conclusions which are insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Third, BOA argues that Plaintiff's promissory estoppel claim must be dismissed because Virginia law does not recognize a cause of action for promissory estoppel.

---

[3] Plaintiff's Complaint draws no distinction between ReconTrust and ALG. Rather, Plaintiff referred to one or both of them as "Defendant Substitute Trustee." ReconTrust and ALG have each assumed in their motions to dismiss that Plaintiff's breach of contract claim is aimed at them.

5

ReconTrust argues for dismissal on essentially the same grounds ALG raised in its demurrer. All of the defendants assert that Plaintiff is not entitled to preliminary injunctive relief because he is not likely to succeed on the merits.

After the close of briefing on BOA and ReconTrust's Motion to Dismiss, Plaintiff filed the instant Motion to Remand. Plaintiff asserts that this Court lacks subject matter jurisdiction because his claims do not arise under federal law. BOA and ReconTrust have responded. Plaintiff's time to reply has expired.

Because a decision in Plaintiff's favor on the issue of subject matter jurisdiction would render this Court powerless to decide the pending motions to dismiss, the Court first addresses Plaintiff's Motion to Remand.

## II.

The party seeking removal bears the initial burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37 (1921)). Because federal courts are of limited—not general—jurisdiction, there is no presumption favoring the existence of federal subject matter jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 114 S. Ct. 1673, 1675 (1994) ("Federal courts are courts of limited jurisdiction."). Indeed, because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Despite these limitations, a defendant may remove a civil action initially filed in state court to a federal district court if "the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441(a). This requires that the federal district court possess subject matter jurisdiction over the action. *See Mulcahey*, 29 F.3d at 151. In this case, BOA asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Section 1331 vests federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90, 126 S. Ct. 2121, 2131 (2006) (alteration in original) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 2856 (1983)). "A plaintiff's right to relief necessarily depends on a question of federal law when 'it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 13, 103 S. Ct. at 2848).

### III.

There is no dispute that Plaintiff's claims in this case *relate* to HAMP. (Pl.'s Mot. Remand 3.) The question for this Court, however, is whether the underlying cause of

action *arises under* HAMP within the meaning of 28 U.S.C. § 1331. In this respect, the parties focus specifically on Plaintiff's purported breach of contract claim.

Plaintiff alleges that: (1) "BOA solicited Plaintiff to apply for a HAMP loan modification, both through their representatives and through their website"; (2) BOA represented in these solicitations that Plaintiff would receive a permanent modification "if Plaintiff met the eligibility requirements" and upheld his end of the Trial Period Plan; (3) "BOA's active solicitation constitutes an irrevocable offer to Plaintiff that if they [sic] filled out the application and submitted the proper paperwork, they [sic] would be properly and timely reviewed for a HAMP modification"; and (4) Plaintiff accepted BOA's offer by formally requesting a loan modification. (Pl.'s Compl. ¶¶ 29–32.)

Plaintiff further alleges that BOA's "offer to modify the existing loan agreement was subject to the condition precedent that Plaintiff qualify for a loan modification pursuant to the HAMP guidelines. Plaintiff has met this condition precedent and therefore the modification contract is binding on Defendant BOA." (*Id.* at ¶ 33.) Additionally, Plaintiff alleges that BOA agreed not to foreclose on Plaintiff's home while the modification was under review, and that BOA breached that contract "[b]y proceeding with the foreclosure without properly reviewing Plaintiff for a HAMP loan modification." (*Id.* at ¶¶ 34–35.) Plaintiff contends that his breach of contract claim, as alleged, is based on state common-law contract principles, independent of HAMP. (*See* Pl.'s Mem. L. Mot. Remand 3 ("If Defendants made the very same offers to Plaintiff prior to the creation of HAMP, and then acted in the same manner, Plaintiff would assert the very same claims.").)

BOA, however, maintains that "all of Plaintiff's claims grow out of his application and denial under HAMP." (Defs.' Resp. Opp'n Pl.'s Mot. Remand 2 [hereinafter Defs.' Opp'n Mot. Remand]). In BOA's view, "the main crux of this case requires the Court to consider what HAMP requires of a lender and whether the Defendants correctly followed the guidelines created by the Federal Government; clearly a federal question." (*Id.* at 3.)

Several district courts have confronted this precise issue in recent months and held that breach of contract claims like Plaintiff's do not "fit[] within the 'special and small' subset of cases in which § 1331 jurisdiction applies, particularly where federal law plainly did not create an applicable private right of action." *Zeller v. Aurora Loan Servs., LLC*, No. 3:10CV44, 2010 U.S. Dist. LEXIS 80449, at *4 (W.D. Va. Aug. 10, 2010). *See also, e.g., Melton v. SunTrust Bank*, No. 2:11CV204, 2011 U.S. Dist. LEXIS 45159, at *4–5 (E.D. Va. Apr. 21, 2011), *dismissed at* Order, No. 2:11CV204 (E.D. Va. May 3, 2011), ECF No. 16; *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 U.S. Dist. LEXIS 32279, at *3 (C.D. Cal. Mar. 18, 2011). In *Melton v. SunTrust*, Judge Smith explained that "HAMP appears to merely form part of the backdrop of an otherwise purely state law dispute. . . . [I]t takes more than a federal element 'to open the arising under door.'" 2011 U.S. Dist. LEXIS 45159, at *4 (quoting *Empire*, 547 U.S. at 701, 126 S. Ct. at 2137).[4]

---

[4] The complaint at issue in *Melton*, which was filed by the same law firm now representing Plaintiff, is remarkably similar to Plaintiff's Complaint in this case. Indeed, the majority of Plaintiff's allegations are reprinted verbatim in *Melton*. Interestingly, despite the fact that the principal amounts of the mortgage loans in *Melton* and this case are over $40,000 apart, both plaintiffs seek $74,500 in damages—just shy of the amount required to trigger this Court's diversity jurisdiction under 28 U.S.C. § 1332.

While this Court questions whether HAMP "merely form[s] part of the backdrop" for Plaintiff's claims,[5] it cannot say with the requisite certainty that Plaintiff's Complaint presents a question of federal law so substantial and disputed as to warrant the exercise of federal question jurisdiction.[6] The question whether BOA "correctly followed the guidelines created by the Federal Government" (Defs.' Opp'n Remand 3) appears to be a fact-specific inquiry—not a "nearly 'pure issue of law'" which could be expected to govern numerous other cases. *Empire*, 547 U.S. at 700, 126 S. Ct. at 2137. And notably, although the Secretary of the Treasury expressly delegated Freddie Mac as the exclusive HAMP compliance authority in lieu of creating a private right of action, *Marks v. Bank of Am., N.A.*, No. 3:10-cv-08039-PHX-JAT, 2010 U.S. Dist. LEXIS 61489, at *15–16 (D. Ariz. June 21, 2010), TARP itself includes no preemption provision, *see* 12 U.S.C. §§ 5211–5241. This Court is reluctant to find complete preemption under the circumstances.

---

[5] To the contrary, there is a colorable claim that the alleged "offer" in this case appears to have been made wholly under the auspices of HAMP.

[6] Defendants have not suggested that federal law *creates* Plaintiff's cause of action. This is unsurprising, as the courts have universally recognized that HAMP does not create a private right of action for borrowers against servicers and lenders. *See, e.g., Winn v. Chase Mortgage Servs.*, No. 2:10cv395, slip op. at 7 (E.D. Va. Oct. 29, 2010) ("Plaintiff does not have a private right of action under HAMP"); *Pennington v. PNC Mortgage*, No. 2:10cv361, slip op. at 6 (Aug. 11, 2010) (recognizing that Congress did not intend to "create a private right of action against participating servicers" and holding that "Plaintiffs do not have a private right of action to enforce applicable HAMP regulations"); *Hoffman v. Bank of Am., N.A.*, No. C 10-2171 SI, 2010 U.S. Dist. LEXIS 70455, at *14–15 (N.D. Cal. June 30, 2010) (holding that HAMP does not provide a private right of action against lenders); *Simon v. Bank of Am., N.A.*, No. 10-cv-300-GMN-LRL, 2010 U.S. Dist. LEXIS 63480, at *26–27 (D. Nev. June 23, 2010) (dismissing claim because HAMP "does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan"); *Marks v. Bank of Am., N.A.*, No. 3:10-cv-08039-PHX-JAT, 2010 U.S. Dist. LEXIS 61489, at *16 (D. Ariz. June 21, 2010) ("Plaintiff is precluded from asserting a private cause of action under HAMP, even disguised as a breach of contract claim . . . ."); *Aleem v. Bank of Am., N.A.*, No. EDCV 09-01812-VAP (RZx), 2010 U.S. Dist. LEXIS 11944, at *9–10 (C.D. Cal. Feb. 9, 2010).

*See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S. Ct. 1542, 1547 (1987); *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005).

Because "federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151. *Cf. Empire*, 547 U.S. at 682, 126 S. Ct. at 2126 (finding no federal jurisdiction over insurance carrier's claim for reimbursement where federal statute established comprehensive health insurance program for federal employees and authorized the Office of Personnel Management to contract with private carriers to offer healthcare plans to federal employees).[7]

## IV.

For the reasons stated above, Plaintiff's Motion to Remand will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 24, 2011
Richmond, VA

---

[7] Plaintiff is not, however, entitled to an award of attorney's fees or costs pursuant to 28 U.S.C. § 1447(c).

11